IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSE LEE KEEL, III, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-02446-M (BT) |
| | § | |
| DALLAS LIFE HOMELESS RECOVERY | § | |
| CENTER, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* civil action brought by Plaintiff Jesse Lee Keel, III. On October 8, 2021, the Court granted Keel's motion for leave to proceed *in forma pauperis* and sent him a Notice of Deficiency and Order (ECF No. 8), which directed Keel to file his complaint in compliance with Federal Rule of Civil Procedure 8(a) within 30 days. The Order informed Keel that failure to respond and cure the deficiency within 30 days could result in a recommendation that his case be dismissed. More than 30 days have passed, and Keel has failed to comply with the Court's Order. Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham*

*v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Keel has failed to comply with the Court's order to file his complaint in compliance with Rule 8(a). Keel's pleading consists of a single, handwritten paragraph asking the Court "to take some action," without specifying the nature of the action requested. Compl. (ECF No. 3). Keel also attaches dozens of pages of records, mostly from Pennsylvania, without any explanation of how those records relate to any claim he seeks to assert. The Court cannot screen Keel's complaint in its current format. 28 U.S.C. § 1915(e). This litigation cannot proceed until he files his complaint in compliance with Rule 8(a).

Keel has failed to obey a court order to file a complaint in compliance with Rule 8(a) and thus has failed to prosecute his lawsuit. Given these circumstances, the Court should dismiss Keel's complaint without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed November 9, 2021.

                                              REBECCA RUTHERFORD
                                              UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).